# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CONNIE L. JOHNSON,
　　　　　Appellant,

v.

DEPARTMENT OF DEFENSE,
　　　　　Agency.

DOCKET NUMBER
PH-0752-18-0134-X-1

DATE: May 24, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Connie L. Johnson</u>, Wausau, Wisconsin, pro se.

<u>Daniel S. Lacy</u>, North Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　　This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's final decision in the underlying appeal, in which the administrative judge accepted the parties' settlement agreement into the record for enforcement purposes. *Johnson v. Department of Defense*, MSPB Docket

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. PH-0752-18-0134-C-1, Compliance File (CF), Tab 1; *Johnson v. Department of Defense*, MSPB Docket No. PH-0752-18-0134-I-1, Initial Appeal File (IAF), Tab 14, Initial Decision (ID). On February 28, 2019, the administrative judge issued a compliance initial decision finding the agency not in compliance with the settlement agreement. CF, Tab 8, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and dismiss the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      On January 11, 2018, the appellant appealed the agency's decision to remove her from the position of Medical Technician. IAF, Tab 1. During the pendency of the appeal, the parties entered into a settlement agreement that provided for, among other things, expungement of the appellant's removal documentation from her official personnel file (OPF) and replacement of that documentation with a new Standard Form (SF) 50 indicating that she voluntarily resigned from employment for personal reasons. IAF, Tab 13. On July 11, 2018, the administrative judge issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the record for enforcement purposes. ID at 2. The initial decision became the final decision of the Board on August 15, 2018, after neither party petitioned for administrative review. ID at 3.

¶3      On January 28, 2019, the appellant filed a petition for enforcement of the settlement agreement, alleging that the agency failed to expunge the removal documentation from her OPF and replace the documentation with the new SF-50 indicating her voluntary resignation. CF, Tab 1 at 1. In response, the agency stated that it was unable to expunge the old removal documentation and replace it with the resignation SF-50 due to Executive Order (EO) 13839, section 5, which

the agency claimed prohibited it from changing the appellant's OPF to resolve an administrative challenge to an adverse personnel action.[2]  CF, Tab 5 at 4-5.

¶4    In a February 28, 2019 compliance initial decision, the administrative judge found the agency not in compliance due to its failure to expunge the removal documentation and replace it with the resignation SF-50.  CID at 5-6.  In so finding, the administrative judge held that the settlement agreement did not violate the EO because, although it was not signed by all parties until after the May 25, 2018 issuance date of the EO, it was preceded by a binding May 11, 2018 oral agreement to the same terms.[3]  CID at 5-6.

## ANALYSIS

¶5    The Board has authority to enforce a settlement agreement that has been entered into the record for enforcement purposes in the same manner as any final Board decision or order.  *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7

---

[2] In its submission, the agency referenced EO 13837.  *Johnson v. Department of Defense*, MSPB Docket No. PH-0752-18-0134-X-1, Compliance Referral File, Tab 5 at 4.  However, the language quoted by the agency is in EO 13839.

[3] Although neither party has challenged the administrative judge's finding, we address it because the administrative judge properly accepted the settlement agreement into the record for enforcement only if it was lawful.  *See Massey v. Office of Personnel Management*, 91 M.S.P.R. 289, ¶ 4 (2002) (before accepting a settlement agreement into the record for enforcement, the Board must determine, among other things, whether the agreement is lawful on its face), *overruled on other grounds by Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 11-21 (2017) (holding that the Board may enforce settlement agreements that have been entered into the record, independent of any prior finding of Board jurisdiction over the underlying matter being settled).  We agree with the administrative judge's reasoning and conclusion regarding the lawfulness of the settlement agreement and find that the settlement agreement was properly entered into the record for enforcement.  We additionally note that EO 13839 was revoked on January 22, 2021, via EO 14003, and that the Office of Personnel Management repealed its regulations implementing EO 13839 on December 12, 2022.

(2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). When, as here, an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Vance*, 114 M.S.P.R. 679, ¶ 6.

¶6      On March 25, 2019, the agency submitted a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i). *Johnson v. Department of Defense*, MSPB Docket No. PH-0752-18-0134-X-1, Compliance Referral File (CRF), Tab 1. The agency stated that it had expunged all documentation related to the appellant's removal from her OPF and replaced it with the resignation SF-50, and included the new SF-50 as evidence of compliance. *Id.* at 1-2. The appellant did not file any response to the agency's submission, despite having been notified of her opportunity to do so and cautioned that, if she did not respond, the Board might assume she was satisfied and dismiss her petition for enforcement. CRF, Tab 2. Accordingly, we assume that she is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶7      In light of the agency's evidence of compliance and the lack of a response from the appellant, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.